**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Vilawoe Aku Boadu,<br><br>    Defendant. | No. CR-17-00889-01-PHX-SPL<br><br>**ORDER** |

  The Court has received Defendant Vilawoe Aku Boadu's Motion for Compassionate Release ("Motion") (Doc. 266), the United States' Response to Defendant's Motion for Compassionate Release ("Response") (Doc. 267), Defendant's Reply to Response ("Reply") (Doc. 269), Defendant's Motion to Reduce Sentence ("Counsel's Motion") (Doc. 278), the United States' Response to the Motion to Reduce Sentence ("Response Two") (Doc. 279), and Defendant's Reply Re: Compassionate Release ("Reply Two") (Doc. 283). The Court will deny the Motion and Counsel's Motion for the reasons that follow:

  This Court has adopted a four-factor test when determining whether to grant motions for release on COVID-19 grounds. *United States v. Steinbart*, No. CR-20-00485-01-PHX-SPL (D. Ariz. filed March 26, 2020) (Doc. 125) citing *United States v. Terrone*, 454 F. Supp. 3d 1009, 1022 (D. Nev. 2020). The Court considers equally the four following factors:

    (1) the original grounds for the defendant's … detention;

>    (2) the specificity of the defendant's stated COVID-19 concerns;
>
>    (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and
>
>    (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* Here, Defendant pled guilty to violating Title 21, U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Controlled Substances, a Class C Felony offense, and to violating Title 18, U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(h), Conspiracy to Commit Money Laundering, a Class C Felony offense. (Doc. 259) On November 29, 2018, she was sentenced to serve a period of 120 months for each offense, to run concurrently, with a credit of time served. (Doc. 259)

Defendant was a licensed pharmacist who diverted "hundreds of thousands of dangerous opiates and other controlled substances" for illegal distribution. (Doc. 279 at 1) "Defendant knowingly accepted over 1,000 fake prescriptions and illegally distributed more than 200,000 tablets of hydrocodone and oxycodone, along with thousands of alprazolam tables [sic] and more than 13 gallons of promethazine with codeine." (Doc. 279 at 2) Defendant's stated COVID-19 concerns are her Type II diabetes, thyrotoxicosis, gastroesophageal reflux disease ("GERD"), hypertension, increased heart rate and migraines, and the growing COVID-19 pandemic at FCI Victorville, where she is incarcerated. (Doc. 278 at 1) Defendant also asserts that her children's health issues are a compelling reason for her release. (Doc. 278 at 11) Her children are currently in the care of their father, her husband. (Doc. 278 at 11) Defendant seeks to be released to the home of her friends in Texas. (Doc. 278 at 12) First, as the government points out, the only one of Defendant's health conditions that puts her at heightened risk of severe COVID-19 is Type II diabetes. (Doc. 279 at 2) Next, the risk of Defendant contracting COVID-19 on release is high as the number of positive cases steadily rises in Texas. For the same reason, the risk of Defendant spreading it to others is high as well, be it her friends, husband, or children. Taking these risks into consideration along with the nature of her offense and the

time remaining in her sentence, the Court concludes the COVID-19 factors do not weigh in favor of release for extraordinary and compelling reasons under 18 U.S.C. § 3582(C)(1)(A)(i), despite Defendant's underlying health conditions and concerns.

Having carefully considered the Motion, Response, Reply, Counsel's Motion, Response Two, and Reply Two, for the foregoing reasons,

**IT IS ORDERED** denying Defendant's Motion for Compassionate Release (Doc. 266) and Defendant's Motion to Reduce Sentence. (Doc. 278)

Dated this 9th day of December, 2020.

Honorable Steven P. Logan
United States District Judge